IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN CHRISTIAN MURRAY,        :
                               :
      Petitioner             :
                               :
  v.                           :   CIVIL NO. 4:CV-14-256
                               :
WARDEN KEEN, ET AL.,           :   (Judge Brann)
                               :
      Respondents            :

# **M E M O R A N D U M**

April 1, 2014

**Background**

    Shawn Christian Murray, an inmate presently confined at the State Correctional Institution, Camp Hill, Pennsylvania, (SCI-Camp Hill), filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. Named as Respondents are Warden Keen, who is employed at Petitioner's prior place of incarceration, the Franklin County Prison, Chambersburg, Pennsylvania and former Pennsylvania State Attorney General Linda Kelly.

    Petitioner seeks federal habeas corpus relief pursuant to § 2254 with respect to his conviction for driving under the influence which was rendered in the Court of Common Pleas of Franklin County, Pennsylvania.

This Court issued an Order on February 24, 2014 which advised Petitioner, in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), that (1) he could have the petition ruled on as filed; that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition absent certification by the Court of Appeals; or (2) withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA").[1]  See Doc. 4.  The Order additionally warned Murray that if he elected to withdraw his instant petition in order to file one all-inclusive petition, the AEDPA's statute of limitations might bar the filing of any such successive petition.

Accompanying the Order was a Notice of Election form and Petitioner was directed to notify this Court within forty-five (45) days as to how he wished to proceed in this matter.

On March 20, 2014, Murray submitted an executed Notice of Election form wherein he notified this Court that he wished to withdraw his instant petition for writ of habeas corpus so that he may file one, all-inclusive petition under 28

---

[1] Miller and Mason sought to prevent pro se litigants from unintentionally defaulting federal claims through failure to assert them in a single petition.

U.S.C. § 2254 within the one year-year time limit for filing such a petition.[2]  He also acknowledged that the AEDPA statute of limitations might bar the filing of any such successive petition.  See Doc. 6.

Based upon an application of the standards announced in Miller and Mason to Murray's announced intention that he does not wish to proceed with his present petition, this Court is precluded from ruling upon his action as filed.  Consequently, since Murray has expressed that he does not wish to proceed with his petition, it will be dismissed without prejudice.  An appropriate Order will enter.

BY THE COURT:

S/MATTHEW W. BRANN
Matthew W. Brann
United States District Judge

---

[2] Petitioner is forewarned that his new petition would have to be submitted within the one year period of limitation authorized under 28 U.S.C. § 2244(d)(1).